ELIZABETH H. LINDH, CASB No. 162660
elizabeth.lindh@kyl.com
MICHELLE L. ABDOLHOSSEINI, CASB No. 318028
michelle.abdolhosseini@kyl.com
AMANDA L. BOTELHO, CASB No. 352231
amanda.botelho@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
The Waterfront at Catalina Landing
310 Golden Shore, Long Beach, CA 90802
Telephone:	(562) 436-2000
Facsimile:	(562) 436-7416

Attorneys for Defendant
MORGAN STANLEY SMITH BARNEY, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| AARON MUNOZ, CYNDY PANIAGUA, and MELISSA OLSEN, individually and as a representative of a Putative Class of Participants and Beneficiaries, on behalf of the ALORICA 401(K) RETIREMENT PLAN,<br><br>Plaintiffs,<br><br>vs.<br><br>ALORICA, INC.; ALORICA RETIREMENT SAVINGS PLAN COMMITTEE; LISA ADAMSHICK; JOYCE TODD-GUERRA; CHRIS HYUN; ELIZABETH LAN PAN; EMILY KILGORE; RICK HAYES; DEON STENNER; MATTHEW VONDETTE; DAN FINNEGAN; JAE CHANEY; MORGAN STANLEY SMITH BARNEY, LLC; and DOES 1 through 50,<br><br>Defendants. | Case No. 8:22-cv-01856-JWH-DFM<br><br>**DEFENDANT MORGAN STANLEY SMITH BARNEY, LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO MORGAN STANLEY SMITH BARNEY LLC'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Date:	July 26, 2024<br>Time:	9:00 a.m.<br>Judge:	Honorable John W. Holcomb<br>Dept.:	9D |

- 1 -

**DEFENDANT MORGAN STANLEY SMITH BARNEY, LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' SAC - Case No. 8:22-cv-01856-JWH-DFM**
KYL4862-4102-5740.2

Defendant MORGAN STANLEY SMITH BARNEY, LLC ("MSSB") hereby submits this Reply Brief in support of its Motion to Dismiss the Second Amended Class Action Complaint brought by Plaintiffs AARON MUNOZ, CYNDY PANIAGUA, and MELISSA OLSEN, individually and as a representative of a Putative Class of Participants and Beneficiaries, on behalf of the ALORICA 401(K) RETIREMENT PLAN (collectively, "Plaintiffs").

## I.

## INTRODUCTION

Plaintiff's Opposition is nothing more than a rehash of the feeble, conclusory statements in the Second Amended Complaint ("SAC"), which are insufficient to allege the purported claims against MSSB for: 1) breach of the fiduciary duty of prudence, and 2) breach of fiduciary duties to investigate and monitor investments and covered service providers. The SAC should therefore be dismissed against MSSB.

The overwhelming problem with the SAC is that Plaintiffs' claims concern decisions made by Alorica, not MSSB, relating to the investments in the Plan, the providers chosen by the Plan, and the fees paid. There is no question that MSSB did not make these decisions and did not have any discretion over them, which is why MSSB was not named in this action when it was originally filed over a year and a half ago, and which is why no actual facts relating to MSSB showing misfeasance are alleged. The SAC is clear and accurate in stating:

> "Alorica, the Board of Directors, the Investment Committee, the Plan's manager and the Directors and Officers are fiduciaries to the Plan under 29 U.S.C. Sec. 1102(21)(A)(i) and (iii) because they have **sole** authority to amend or terminate, in whole or part, the Plan or the trust, and have discretionary authority to control the operation, management and administration of the Plan, including the selection and compensation of the providers of administrative services to the plan and the selection, monitoring, and removal of the investment options made available to participants for the investment of their contributions and provision of their retirement income."

SAC ¶ 28 (Emphasis added).

The SAC further acknowledges that "during the relevant time period, MSSB repeatedly offered to take over additional responsibilities from the Committee as a '3(38) fiduciary,' but the Committee Members did not act to effectuate this change and instead chose to retain their final decision-making authority for managing the Plan's investments." SAC ¶ 25.

Additionally, the Services Agreement between Alorica and MSSB, going back to 2011, states in bold:

> **"Client [Alorica] acknowledges that it has retained and will exercise any and all final decision-making authority and responsibility for all matters concerning the assets of the Plan, including selection of Funds as well as for the implementation of any asset allocation or other investment plans or strategy resulting from the services provided under this Agreement."**

*See* Services Agreement attached to Request for Judicial Notice ("RJN") [ECF 116-4] as Exhibit ("Exh.") 1 (no emphasis added).

MSSB did not breach any duty to Plaintiffs and Plaintiffs have failed to alleged facts in the SAC to establish that there was a breach. As admitted in the SAC and as set forth in the Services Agreement, MSSB did not have any discretion over or decision-making authority over the Plan, and Plaintiffs have not and cannot establish any misfeasance on the part of MSSB. Accordingly, MSSB respectfully requests that the Court dismiss the SAC against MSSB.

///

///

///

- 3 -

## II.
## LEGAL ARGUMENT

A. **Plaintiffs' Restatement Of The Same Conclusory Allegations Does Not Cure The Defective SAC That Contains Insufficient Facts To Support Any Cause Of Action Against MSSB.**

Rather than address each of the points raised by MSSB, Plaintiffs, in their Opposition, merely restate their previously inadequate conclusory allegations from the SAC and claim they have sufficiently plead their two causes of action for breach of fiduciary duty against MSSB. But they have not. Plaintiffs have included a few threadbare conclusory statements but have not actually plead any FACTS to establish any misfeasance by MSSB.

B. **Neither Plaintiffs' Opposition Nor The SAC Allege That MSSB Had Discretionary Control Over The Plan Or Its Assets.**

MSSB did not exercise any discretionary control over the Plan or its assets, which is why the SAC does not contain any allegations that it did. (*See* SAC ¶ 28, Services Agreement attached to the RJN as Exhibit 1) Plaintiffs' Opposition does not point to any factual allegations in the SAC to establish that MSSB had any discretionary control, and instead, out of the 235 paragraphs in the SAC, relies on three conclusory statements in three paragraphs that purportedly "prove" that they adequately alleged that MSSB had discretionary control over the Plan. (SAC ¶¶ 21, 49 and 102.) The allegations in these paragraphs, however, are nothing more than bald, conclusory assertions without factual support, which are unequivocally insufficient to state a claim upon which relief may be granted. The longstanding rule is that courts do not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

First, Plaintiffs rely on SAC ¶ 21, which states, in relevant part, MSSB "served as the Plan's Investment Advisor […] Prior to the institution of the Committee in 2018, MSSB effectively made decisions on behalf of the Plan including with respect to Plan

- 4 -

investments and fees with little oversight." SAC ¶ 21. Plaintiffs do not even say that MSSB made decisions, they just guess that MSSB "effectively" made them. What "decisions" did MSSB "effectively" make on behalf of the Plan? Are any of the "decisions" that were "effectively" made at issue in this case? If so, how and why and what was wrong with them? We do not know because there are no facts alleged. This factually barren conclusory statement is merely a conclusion and is insufficient to state a claim against MSSB.

Plaintiffs' reliance on SAC ¶¶ 49 and 102 are equally misguided. These paragraphs reveal more of the same, stating: "MSSB indicated that in the absence of a committee, it had "monitored the plan investments on an ongoing basis" (SAC ¶49), and that MSSB was, "in effect operating the Plan itself and largely unchecked." (SAC ¶ 102). Again, where are the fact showing what, how, and when MSSB monitored the plan investments? Where are the facts showing that MSSB was "in effect operating the Plan itself and largely unchecked?" The facts certainly are not alleged in the SAC. The SAC is devoid of any facts showing a specific instance where MSSB "monitored the plan investments" or otherwise "operated the plan unchecked." Again, these conclusory statements are not facts and are not sufficient to state a claim against MSSB. *See Hinds Invs., L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011) (citing *Johnson v. Riverside Healthcare Sys. LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) ("The court may dismiss a claim "where there is…an absence of sufficient ***facts*** alleged under a cognizable legal claim.") (emphasis added). Simply alleging that MSSB *said* that it engaged in wrongdoing is not the equivalent as alleging a specific instance of wrongdoing at the pleading stage.

Plaintiffs actually acknowledge in the Opposition that MSSB did not have any discretionary authority, at least after August 2018. Specifically, Plaintiffs argue that "with respect to the allegation that the Committee 'chose to retain their final decision-making authority for managing the Plan's investments' (SAC ¶ 25), that allegation only applies to the time-period *after* the committee was formed." *See* Opp. at pp. 7:9-13.

- 5 -

Thus, Plaintiffs admit that after August 2018 (when the Committee was formed per SAC ¶ 47), the Committee (not MSSB) retained final decision-making authority for managing the Plan's assets. The SAC does not allege that MSSB had discretionary authority because it did not, as clearly acknowledged by Plaintiffs. The claims should all be dismissed against MSSB, but certainly all claims against MSSB after August 2018 should be dismissed as Plaintiffs readily admit that the Committee retained final decision-making authority for managing the Plan's assets at that point.

Claims against MSSB relating to circumstances before the formation of the Committee in August 2018 should also be dismissed. As set forth above, Plaintiffs allege that Alorica, not MSSB, had the "discretionary authority to control the operation, management, and administration of the Plan, including the selection and compensation of the providers of administrative services to the Plan, and the selection, monitoring, and removal of the investment options made available to participants for the investment of their contributions and provision of their retirement income." SAC ¶ 28 Additionally, the Services Agreement in effect prior to that time expressly states that "Alorica, the Board of Directors, the Investment Committee, the Plan's managers and the Directors and Officers are fiduciaries to the Plan […] because they have sole authority to amend or terminate […] and have discretionary authority to control the operation, management and administration of the Plan." Plaintiffs' insistence that the word "sole" must appear repeatedly in the provision for it to apply to "Alorica, the Board of Directors, the Investment Committee, the Plan's managers and the Directors and Officers" is an incorrect and inconsistent contractual interpretation. The provision makes no reference to MSSB, and instead gives Alorica, the Board of Directors, the Investment Committee, the Plan's managers and the Directors and Officers the sole authority and the discretionary authority over the operation, management, and administration of the Plan. No such discretion or authority was given to MSSB.

Plaintiffs offer nothing more than conclusory statements, which are actually defeated by other statements in the SAC and the Services Agreement, to attempt to

establish that MSSB had discretionary authority over the Plan. These conclusory allegations do not establish that MSSB had discretionary authority or any fiduciary duty that it breached and the claims against MSSB should be dismissed.

C. **Neither Plaintiffs' Opposition Nor The SAC Allege That MSSB Gave Investment Advice.**

Neither the SAC nor Plaintiffs' Opposition contain any factual allegations that MSSB rendered "investment advice for a fee." Plaintiffs point to the Services Agreement between Alorica and MSSB, which is not part of the SAC, in which MSSB acknowledged that it would be a fiduciary "but only to the extent that it rendered investment advice for a fee with respect to the Funds chosen by the Plan." (Opp. P. 8. Ll. 1-5; *See* Services Agreement attached to RJN as Exh. 1) However, Plaintiffs have failed to allege any facts in the SAC (or the Opposition) that establish that MSSB did in fact render investment advice for a fee with respect to any fund chosen by the Plan.

Plaintiffs argue in the Opposition that SAC ¶ 56, which states "MSSB also created an approved list of funds which could be selected by the Committee," is sufficient to allege that MSSB offered investment advice for a fee because that allegation "implies" that those funds were the only ones that could be selected. *See* Opposition at p. 8:11. Nevertheless, it does not say that. It says only that MSSB created a list that the Committee COULD choose from. It does not say that the Committee ever did choose any investment from any list provided by MSSB and does not establish that MSSB rendered investment advice for a fee relating to any fund chosen by the Plan. The SAC also alleges that MassMutual provided a list of investments from which the Committee could choose, which defeats the "implication" that the Committee could only choose investments approved by MSSB. *See* SAC ¶ 56. In any event, an allegation that implies wrongdoing is, again, not the same as alleging a specific factual instance of wrongdoing. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (finding that only sufficient ***factual material*** need be accepted as true) (emphasis added).

There is not a single allegation in the SAC that provides facts to establish that MSSB offered investment advice for a fee. As such, Plaintiffs' own reading of the *Fite v. Merrill Lynch & Co* case works against it. No. 10-CV-8, 2010 WL 11556808 (C.D. Cal. Nov. 2, 2010). The Opposition states that in *Fite*, the Court concluded that the allegations were insufficient because there were no allegations of any advice regarding the plan. *Id.* at *5. Here, as in *Fite*, there are no allegations that MSSB offered any "advice regarding the Plan" or any mention of the word "advice" whatsoever. Accordingly, as in *Fite*, the SAC should be dismissed.

### D. Neither Plaintiffs' Opposition Nor The SAC Sufficiently Allege That MSSB Breached Any Fiduciary Duty.

Plaintiffs have failed to allege in their SAC or their Opposition any facts to establish that MSSB breached any fiduciary duty to Plaintiffs. The SAC does not allege any facts that establish that MSSB made investment decisions, failed to monitor investments, or had the ability to remove fiduciaries or institute bidding for other service providers. Instead, the SAC alleges that the Alorica Defendants had these duties and that they breached them. SAC ¶¶ 25, 28, 56, 128.

With regard to MSSB's claim that Plaintiffs have not adequately alleged that MSSB imprudently offered and maintained expensive share classes when lower class shares were available, Plaintiffs attempt to distinguish *Partida v. Schenker Inc.*, No. 22-cv-09192-AMO, on the grounds that there, the plaintiffs did not allege that there were otherwise identical but lower fee share classes available. 2024 WL 1354432, at *19 (N.D. Cal. Mar. 29, 2024). To prove that point, the Opposition relies on SAC ¶ 60 to show that its SAC alleges "that there were identical but lower fee share classes available." Opposition at p. 10:23-24. A closer look at that allegation reveals that it does not. SAC ¶ 60 states:

> Defendants may seek to explain that they offered higher cost share classes with higher fee burdens by pointing to the Plan's ability to use those fees for revenue sharing arrangements. But

> this does not justify the increased fees and lost returns imposed on Plan participants. Rather, empirically speaking, revenue sharing burdens on mutual fund investors are always more costly than the revenue sharing credit offered by the corresponding mutual fund share class.

Accordingly, this case is more analogous to *Partida* than Plaintiffs would like to admit. There, the District Court granted a Motion to Dismiss where the plaintiffs' complaint ultimately attacked the funds' underperformance, and failed to plead any facts showing how the process in selecting the investments or monitoring the funds was flawed, specifically, the complaint "ha[d] not provided any factual allegations showing that those other funds had the same aims, risks, or potential rewards such that they could be considered meaningful benchmarks." 2024 WL 1354432, at *19 (N.D. Cal. Mar. 29, 2024).

Similarly, Plaintiffs' SAC ultimately alleges underperformance as proof of MSSB's alleged misconduct but does not allege any facts showing that *MSSB selected* any funds in which the Plan invested or how any process MSSB used when it allegedly selected the funds was defective. *See Anderson v. Intel Corp. Inv. Pol'y Comm.,* 579 F. Supp. 3d 1133, 1147 (N.D. Cal. 2022) ("When analyzing prudence, the Court's focus is on the fiduciary's "conduct in arriving at a decision, not on its results.") Further, just as in *Partida*, the SAC here did not provide any factual allegations showing that those other funds (had they been alleged) had the same aims, risks, or potential rewards such that they could be considered meaningful benchmarks.

To that end, *Partida* relies on the *Davis v. Salesforce.Com, Inc.,* No. 21-15867, a case that Plaintiffs attempt to prove is analogous to this case. There, the "plaintiffs identify two lower-cost share classes that they allege were available substitutes for nine mutual funds offered by the plan during the class period. As to those nine funds, plaintiffs allege that 'the more expensive share classes chosen by Defendants were the same in every respect other than price [as] their less expensive counterparts.'" 2022 WL 1055557, at *1 (9th Cir. Apr. 8, 2022). While Plaintiffs' Opposition seeks to

analogize to *Davis*, there is no allegation in the SAC that MSSB selected particular funds and that such funds were identical in *every respect* other than price (*i.e.,* aims, risks, or potential rewards). Accordingly, just as in *Partida*, Plaintiffs' SAC here essentially relies on underperformance to argue that MSSB breached a fiduciary duty of prudence. This cannot alone serve as proof that MSSB breached a duty. As such, the SAC's allegations are necessarily insufficient to state a claim upon which relief may be granted.

As to Plaintiffs' argument alleging that the Plan overpaid for fees, Plaintiffs fail to allege that MSSB had any decision-making authority over the fees (which it did not), and moreover that the fees were excessive *given the services provided*. *See Wehner v. Genentech, Inc.*, 2021 U.S. Dist. LEXIS 26227, at *13 (N.D. Cal. Feb. 9, 2021) ("*Wehner I*") (holding that to plausibly plead a claim for excessive fees, a complaint must contain "facts from which one could infer that the same services were available for less on the market"); *Wehner v. Genentech, Inc.*, 2021 U.S. Dist. LEXIS 111341, at *15 (N.D. Cal. June 14, 2021) (determining whether a fee is "excessive under the circumstances" requires specific details about the nature and scope of the services provided, compared to what plans of comparable size paid for the same services). Without these factual details, Plaintiffs cannot establish a breach of any duty by MSSB, and the breach of fiduciary duty claim against MSSB in the SAC must be dismissed.

### E. Plaintiffs' Opposition Fails To Challenge MSSB'S Assertion That The SAC Fails To Allege Facts Sufficient To Evidence Co-Fiduciary Liability.

Plaintiffs' Opposition fully ignores MSSB's Motion to Dismiss argument that Plaintiffs' SAC fails to adequately allege that MSSB is liable as a co-fiduciary to Alorica. *See* ECF 116, ¶ 6. For the reasons set forth in MSSB's Motion to Dismiss, Plaintiffs fail to state facts to support a claim for co-fiduciary liability, and the SAC against MSSB should be dismissed.

///

- 10 -

### F. Plaintiffs' Opposition Fails To Show That The SAC Was Not Barred By The Statute Of Limitations.

Plaintiffs allege—inadequately for Fed. R. Civ. P. 12(b)(6) purposes—that MSSB is liable because it managed the Plan unchecked prior to 2018 when a Committee was allegedly instated. *See* Opposition at pp. 1:21; SAC ¶ 49. However, because the Statute of Limitations period for breach of fiduciary duty is six years, Plaintiffs cannot base their allegations on any conduct prior to 2018. As such, the remaining allegations are for a time period where the Plan was run by a Committee which had discretionary authority and control over the investments, not MSSB. Accordingly, the claims prior to 2018 cannot stand and should be dismissed.

### III.
### CONCLUSION

For the foregoing reasons, MSSB respectfully submit that its Motion to Dismiss Plaintiffs' SAC should be granted without leave to amend and that judgment be entered accordingly.

DATED: July 12, 2024

/s/ Amanda L. Botelho
ELIZABETH H. LINDH
MICHELLE L. ABDOLHOSSEINI
AMANDA L. BOTELHO
KEESAL, YOUNG & LOGAN
Attorneys for Defendant
MORGAN STANLEY SMITH BARNEY, LLC

## CERTIFICATE OF COMPLIANCE PURSUANT TO L.R. 11-6-2

The undersigned, counsel of record for Defendant MORGAN STANLEY SMITH BARNEY, LLC., certifies that this brief contains 3,114 words which complies with the word limit of L.R. 11-6.1.

DATED: July 12, 2024          /s/ Amanda L. Botelho
                              AMANDA L. BOTELHO

**DEFENDANT MORGAN STANLEY SMITH BARNEY, LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' SAC - Case No. 8:22-cv-01856-JWH-DFM**

KYL4862-4102-5740.2

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Keesal, Young & Logan, The Waterfront at Catalina Landing, 310 Golden Shore, Suite 400, Long Beach, California 90802.

On **July 12, 2024**, I served the foregoing document described as **DEFENDANT MORGAN STANLEY SMITH BARNEY, LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO MORGAN STANLEY SMITH BARNEY LLC'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT** on the parties in this action as follows:

| Counsel for Plaintiffs AARON MUNOZ, CYNDY PANIAGUA, and MELISSA OLSEN ||
|---|---|
| Christina A. Humphrey, Esq.<br>Robert N. Fisher, Esq.<br>CHRISTINA HUMPHREY LAW, P.C.<br>1117 State Street<br>Santa Barbara, CA 93101<br>Email: christina@chumphreylaw.com;<br>rob@chumphreylaw.com | James A. Clark, Esq.<br>Renee P. Ortega, Esq.<br>TOWER LEGAL GROUP, P.C.<br>11335 Gold Express Drive, Suite 105<br>Gold River, CA 95670<br>Email: james.clark@towerlegalgroup.com;<br>renee.parras@towerlegalgroup.com |
| Counsel for Defendants ALORICA, INC., ALORICA RETIREMENT SAVINGS PLAN COMMITTEE, and JOYCE TODD-GUERRA ||
| René E. Thorne, Esq. (*Pro hac vice*)<br>Stacey S.C. Cerrone, Esq. (*Pro hac vice*)<br>Matthew T. Biggers, Esq. (*Pro hac vice*)<br>JACKSON LEWIS P.C.<br>601 Poydras Street, Suite 1400<br>New Orleans, Louisiana 70130<br>Email: René.Thorne@jacksonlewis.com;<br>Stacey.Cerrone@jacksonlewis.com;<br>matt.biggers@jacksonlewis.com | Michael E. Holzapfel, Esq. (*Pro hac vice*)<br>JACKSON LEWIS P.C.<br>766 Shrewsbury Avenue<br>Tinton Falls, New Jersey 07724<br>Email: Michael.Holzapfel@jacksonlewis.com |
| Kenneth D. Sulzer, Esq.<br>CONSTANGY, BROOKS,<br>SMITH & PROPHETE, LLP<br>2029 Century Park East, Suite 1100<br>Los Angeles, California 90067<br>Tel: (310) 909-7775<br>Email: ksulzer@constangy.com | |

**DEFENDANT MORGAN STANLEY SMITH BARNEY, LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' SAC - Case No. 8:22-cv-01856-JWH-DFM**

KYL4862-4102-5740.2

☑   **VIA CM/ECF**:  The document(s) was/were electronically served on the parties to this action via the mandatory United States District Court of California CM/ECF system upon electronic filing of above-described document.

Executed on **July 12, 2024** at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

/s/ Pam Lopez
Pam Lopez

**DEFENDANT MORGAN STANLEY SMITH BARNEY, LLC'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' SAC - Case No. 8:22-cv-01856-JWH-DFM**

KYL4862-4102-5740.2